[752 NYS2d 351]

In the Matter of JOSEPH A. KIRSCHENBAUM (Admitted as JOSEPH ARI KIRSCHENBAUM), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 9, 2002

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By opinion and order of the Supreme Court of Illinois dated January 24, 2000, the respondent was disbarred upon his mo-

tion, pursuant to Illinois Supreme Court Rule 762 (a), and his name was stricken from the master roll of attorneys.

On October 14, 1997, a 73-count indictment was filed against the respondent in the United States District Court for the Northern District of Illinois charging him with fraud in connection with his operation of a not-for-profit hospice service and several other companies that he owned between 1991 and 1994. Additionally, the United States Attorney for the Northern District of Illinois filed a civil complaint in the District Court charging the respondent with multiple counts of fraud under the False Claims Act (31 USC § 3729 *et seq.*) and common-law fraud. In February 1998, a federal grand jury returned a 98-count superseding indictment against the respondent charging him with mail and wire fraud relating to Medicare and Medicaid claims and state income taxes, and money laundering.

Mr. Kirschenbaum was the former president and, at times, the secretary and treasurer of Samaritan Care, Inc., a hospice facility incorporated in the State of Illinois. He was charged with defrauding Medicare and Medicaid of millions of dollars, and with making false representations to the Illinois Department of Public Health, the Health Care Service Corporation, and the Health Care Financing Administration. Mr. Kirschenbaum devised a scheme to perpetuate the fraud by creating and incorporating several different business entities through which he channeled federal money. Mr. Kirschenbaum was also charged with defrauding the State of Illinois of more than $500,000 in income taxes and illegally obtaining unemployment compensation while operating his hospice.

On December 7, 1999, United States District Court Judge Robert W. Gettleman accepted the respondent's plea of guilty to count 94 of the superseding indictment, charging him with wire fraud for filing a false state income tax return for 1995, in violation of 18 USC § 1343. Pursuant to the plea agreement, the respondent accepted a sentence of 36 months incarceration and agreed to pay $569,758 to the Illinois Department of Revenue as complete restitution for all taxes, penalties, and interest due relating to his 1994 and 1995 tax returns. As part of the plea agreement, the respondent entered into a consent decree and settlement agreement in the civil case, which was approved by United States District Court Judge Joan B. Gottschall on December 8, 1999. Pursuant to the consent decree, the respondent refunded over $16 million in Medicare

and Medicaid payments, and paid $5 million to Integrated Health Services in settlement of a separate civil suit.

As a result of his conviction, the Illinois Disciplinary Commission concluded that the respondent had engaged in the following misconduct: (1) conduct adversely reflecting on his honesty, trustworthiness, or fitness as a lawyer; (2) conduct involving dishonesty, fraud, deceit, or misrepresentation; and (3) conduct which tends to bring the courts or the legal profession into disrepute.

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising him of his right to file a verified statement setting forth any of the enumerated defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), within 20 days. Those defenses are that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing the misconduct that the Court, consistent with its duties, could not accept as final the finding of the court in the foreign jurisdiction, or that the imposition of discipline by this Court would be unjust.

Although personally served with the Grievance Committee's notice pursuant to 22 NYCRR 691.3 on August 13, 2002, the respondent has not replied.

Inasmuch as the respondent has neither raised any of the enumerated defenses to the imposition of reciprocal discipline, nor requested a hearing pursuant to 22 NYCRR 691.3 (d), the petitioner's motion to impose reciprocal discipline upon him is granted. The respondent is disbarred in New York based upon the disciplinary action taken in Illinois.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and McGINITY, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Joseph A. Kirschenbaum, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph A. Kirschenbaum, is com-

manded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.